MEYERS v. BROWN–COCHRAN CO.

(Supreme Court, Appellate Term.  December· 7, 1904.)

1. PRINCIPAL AND AGENT—SURETY OF AGENT—RATIFICATION.
    Evidence *held* sufficient to warrant a finding that defendant ratified the contract of its agent agreeing to pay plaintiff a commission on the sale of a gas engine.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by George H. Meyers against the Brown-Cochran Company.  From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Wicks & Murray, for appellant.

Somerville, Sheehan & Somerville, for respondent.

FREEDMAN, P. J.  The only question in this case was as to the authority of one Hanley to make a contract with the plaintiff for the sale of a gas engine, and agreeing to pay him a commission therefor.  The contract was in writing, on a letter head containing the defendant's name, address, etc., and also these words: "Address reply to Brown-Cochran Company at Eastern Office, 10 Havermeyer Building, New York City—R. E. Hardy, Manager." This contract was signed in the following manner:  "The Brown-Cochran Company by R. E. Hardy."  The contract provided for the rent of premises owned by plaintiff, and also contained prices at which engines were agreed to be furnished to plaintiff; he to receive as commissions upon sales all sums at which the engines were sold for over such list price.  After the execution of this contract, the defendant stored its engines in plaintiff's rooms, paid

the rent named in the contract, and upon the trial produced a duplicate copy thereof. The plaintiff, after he had sold the engine upon the sale of which he claims commissions, had a conversation with Brown, the president of the company, in which plaintiff informed Brown that he (plaintiff) had made a sale for defendant's company of an engine to the firm of Rubin & Fernstein; and Rubin, of that firm, testified that Brown stated to him that the contract made for the purchase of the engine was the contract of defendant's company. We think there is ample evidence in the record from which it can reasonably be said that, if the defendant did not directly authorize Hardy to make the contract with the plaintiff, it subsequently adopted and ratified the acts done in his capacity as manager, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.